IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2009-CA-002687

DIVISION: CV-B

ACOSTA MILITARY SALES, LLC,
a Delaware limited liability company,

    Plaintiff,

3:09-cv-357-J-34TEM

v.

GATEWAY MILITARY SALES, LLC,
a Missouri limited liability company,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, Acosta Military Sales, LLC ("Acosta Military"), hereby sues Defendant, Gateway Military Sales, LLC ("Gateway"), and in support hereof Acosta Military alleges as follows:

### Parties, Jurisdiction and Venue

1. Acosta Military is a Delaware limited liability company that is authorized to transact business in the State of Florida and maintains its principal place of business at 6600 Corporate Center Parkway, Jacksonville, Duval County, Florida.

2. Acosta Military is in the business of acting on behalf of manufacturers in the marketing and sales of consumer packaged goods (including both food and non-food items) sold to the military for retail, such as at a commissary.

1

3. Gateway is a Missouri limited liability company with its principal place of business in Missouri.

4. This Court has subject matter jurisdiction, as Acosta Military is asserting claims for damages in excess in $15,000, exclusive of interest, costs and attorneys' fees.

5. Pursuant to section 48.181(3), *Florida Statutes*, Gateway is conclusively presumed to be both engaged in substantial and not isolated activities within the State of Florida and operating, conducting, engaging in, or carrying on a business or business venture in the State of Florida by way of its selling food and other packaged goods through Acosta Military, its broker, to numerous military base commissaries throughout the State of Florida, such as Mayport, NAS Jacksonville, MacDill Air Force Base and Eglin Air Force Base.

6. Accordingly, this Court has personal jurisdiction over Gateway pursuant to section 48.193, *Florida Statutes*, as Gateway is engaged in substantial and not isolated business activities within the State of Florida and is operating, conducting, engaged in, or carrying on a business or business venture in the State of Florida.

7. This Court further has personal jurisdiction over Gateway pursuant to section 48.193, *Florida Statutes*, because Gateway breached a contract within the State of Florida by failing to perform acts required by the contract to be performed in this state to include its failure to render payment to Acosta Military in Duval County, Jacksonville, Florida for Acosta Military's services.

8. Venue is proper in Duval County inasmuch as the cause of action accrued in Duval County, Florida, as Gateway owes payment to Acosta Military in Duval County, Florida and Gateway failed to pay Acosta Military in Duval County, Florida.

2

## General Allegations

9. On January 1, 2007, Gateway and C. Lloyd Johnson Co., Inc. ("CLJ") entered into a brokerage agreement entitled the "Gateway Military Sales LLC Military Brokerage Agreement" pursuant to which CLJ was to act as the broker for Gateway and Gateway agreed to pay CLJ commissions and certain other fees and to reimburse CLJ for certain expenses (the "Agreement"). A true and correct duplicate of the Agreement is attached and incorporated herein by reference as **Exhibit A**.

10. Effective as of May 1, 2008, Acosta Military acquired all assets of CLJ. As a result of this acquisition, Acosta Military, acquired, *inter alia*, CLJ's receivables, CLJ's contracts, and the right to do business under the C. Lloyd Johnson Co., Inc. name and trademark. As such, Acosta Military is CLJ's successor in interest, to include specifically its successor under the Agreement.

11. Subsequent to the acquisition of the foregoing CLJ assets by way of the asset sale, Acosta Military continued to provide services to Gateway pursuant to the Agreement. Gateway had actual knowledge of Acosta Military's involvement in servicing this business and in acting as Gateway's broker. Acosta, Inc., Acosta Military's parent company, is one of the largest food and consumer packaged goods brokers in the world and certainly one of the two largest in the United States. Gateway therefore benefited from Acosta Military's assumption of the contract. Gateway received the benefit of Acosta Military's continuing to service Gateway accounts and business following May 1, 2008 without complaint from Gateway.

12. In addition to commissions, Gateway also agreed to provide CLJ (and later Acosta Military) with compensation to cover expenses associated with promotions, specials,

3

salvage, spoilage and markdowns ("Marketing Allowances") as separately set forth in the Agreement at Exhibit A. On April 25, 2008, at CLJ's request, the president of Gateway expanded the Marketing Allowances pursuant to his letter modifying the Agreement. A true and correct duplicate of the president of Gateway's April 25, 2008 correspondence is attached and incorporated herein as **Exhibit B**.

13. In spring 2008, Gateway nonetheless began breaching the Agreement by failing to pay CLJ for commissions and/or Marketing Allowances which Gateway owed Acosta Military thereunder.

14. On June 26, 2008, Acosta Military sent Gateway written notice, pursuant to the terms of the Agreement, notifying Gateway that it was terminating the Agreement as of August 31, 2008. A true and correct duplicate of Acosta Military's June 26, 2008 correspondence is attached and incorporated herein by reference as **Exhibit C**. The parties subsequently agreed to a termination date of August 15, 2008 (the "Termination Date").

15. Although Acosta Military had the right to cease performing services called for by the Agreement by virtue of Gateway's breach of the prior dependant covenants with respect to payment, doing so could cause a disruption in Gateway's supply chain. As such, Acosta Military continued servicing Gateway's retailers on behalf of Gateway through August 15, 2008, and in turn, Gateway wanted Acosta Military to perform these services until it could obtain a substitute broker.

16. As a result of Acosta's continued sales and servicing of Gateway's products in the summer of 2008, Gateway benefited from continued sales, from avoiding disruption to its supply

4

chain which could potentially damage relationships with retailers, and by having additional time to find a substitute broker.

17. Nonetheless, Gateway has failed to pay Acosta Military $119,281.00 in Vendor Credit Memoranda for sums that Acosta Military paid on behalf of Gateway, but for which Gateway has failed to reimburse Acosta Military. A Vendor Credit Memorandum occurred any time a Gateway product was damaged or was close to or beyond its "code date" (i.e., expiration), at which time the credit would be processed and paid by Acosta Military to the retailer so that the retailer was reimbursed for the cost of that product. By processing and paying these Vendor Credit Memoranda, Acosta Military met the needs of Gateway's retailers on behalf of Gateway.

18. Moreover, Gateway has failed to make certain commission payments to Acosta Military on invoices billed as of August 20, 2008 and September 3, 2008. As such, the past due outstanding commission payments total $53,780.20. Attached and incorporated herein by reference as **Exhibit D** is an Acosta Military spreadsheet setting forth the commission amounts for which Gateway has not made payment to date.

19. Finally, Gateway has failed to make payment to Acosta Military for certain Marketing Allowances incurred and, as such, the outstanding Marketing Allowance due Acosta Military totals $344,347.81.

20. Despite due demand, Gateway refuses to make payment to Acosta Military for each of the foregoing past due outstanding amounts.

21. On or about January 9, 2009, Acosta Military, through its counsel, made written demand that Gateway pay all of the foregoing outstanding amounts due, a principal total of

5

$517,409.01. Acosta Military's January 9, 2009 written demand is attached and incorporated herein by reference as **Exhibit E**.

22. All conditions precedent have occurred, been maintained, or been waived prior to the institution of this action.

23. Acosta Military has retained the undersigned law firm to represent it in this matter and is obligated to pay the undersigned counsel reasonable attorneys' fees for its services.

## COUNT ONE
(Breach of Contract)

24. Acosta Military hereby sues Gateway for breach of contract.

25. Acosta Military hereby realleges and incorporates by reference paragraphs 1 through 23 above as if set forth fully herein.

26. CLJ and Gateway entered into a binding written contract, i.e., the Agreement at Exhibit A as modified by the letter at Exhibit B.

27. Acosta Military is the successor in interest to the Agreement and Acosta Military performed services with Gateway's knowledge and implicit (if not explicit) consent and approval under that Agreement.

28. Gateway is in breach of the Agreement by failing to make payments due thereunder.

29. Additionally, Gateway breached the implied covenant of good faith and fair dealing. Gateway's purported justification for refusing to pay some of the fees owed to Acosta Military was that Acosta Military submitted certain Vendor Credit Memoranda to Gateway later than the 60 days' time referenced in the Agreement. This breached the implied covenant of good faith and fair dealing because Gateway knew that, in certain instances it was not possible or

6

practicable for Acosta Military to submit Vendor Credit Memoranda sooner than it had. Furthermore, Gateway knew that Acosta Military continued to advance sums on behalf of Gateway as a result of the Vendor Credit Memoranda in reliance on Gateway's assurance of reimbursement.

30. Accordingly, Gateway exercised a judgment conferred by the Agreement's express terms in such a manner as to evade the spirit of the transaction and/or so as to deny CLJ and/or Acosta Military the expected benefit of the Agreement.

31. Acosta Military has been damaged by Gateway's breach of the Agreement.

WHEREFORE, Acosta Military demands judgment against Gateway for all of Acosta Military's damages together with all applicable interest, and costs, and for such other relief as this Court deems just and proper.

## COUNT TWO
(Unjust Enrichment)

32. Acosta Military hereby realleges and incorporates by reference paragraphs 1-8, 11-13 and 15-23 above as if set forth fully herein.

33. Acosta Military hereby sues Gateway for unjust enrichment.

34. Acosta Military conferred benefits on Gateway by selling and servicing Gateway's products from May 1, 2008 through August 15, 2008.

35. Gateway knew Acosta Military was performing these services.

36. In that regard, Gateway voluntarily accepted and retained the benefits conferred upon it by Acosta Military. Indeed Gateway wanted Acosta Military to perform these services.

7

Gateway knew that Acosta Military expected to be paid for these services. Gateway itself has paid others for such services.

37. Despite benefiting from Acosta Military's services, Gateway has refused to pay just compensation to Acosta Military. As such, Gateway has been unjustly enriched.

38. It would be inequitable for Gateway to be allowed to retain the benefits conferred without providing Acosta Military with just compensation.

WHEREFORE, Plaintiff, Acosta Military, demands judgment against Defendant, Gateway, for the damages Acosta Military has suffered as a result of Gateway's unjust enrichment and/or disgorgement of those benefits that Gateway has unjustly received together with all applicable interest and costs, and for such other relief as this Court deems just and proper.

## COUNT THREE
(Breach of Contract Implied In Fact)

39. Acosta Military hereby realleges and incorporates by reference paragraphs 1-8, 11-13 and 15-23 above as if set forth fully herein.

40. Acosta Military hereby sues Gateway for breach of contract implied in fact.

41. CLJ and Gateway entered into a binding written contract, i.e., the Agreement at Exhibit A as modified by the letter at Exhibit B.

42. After Acosta Military acquired the assets of CLJ, Acosta Military performed the services—with Gateway's knowledge and implicit (if not explicit) consent and approval—which CLJ had contracted to perform under that Agreement.

43. Accordingly, the parties' circumstances, acts and conduct showed a mutual understanding and agreement that Acosta Military perform the described services and that Gateway compensate Acosta Military for its services.

44. Gateway is in breach of the parties' mutual understanding and agreement by failing to make payments due thereunder.

45. Acosta Military has been damaged by Gateway's breach of the Agreement.

WHEREFORE, Acosta Military demands judgment against Gateway for all of Acosta Military's damages together with all applicable interest, and costs, and for such other relief as this Court deems just and proper.

## COUNT FOUR
(Quantum Meruit)

46. Acosta Military hereby realleges and incorporates by reference paragraphs 1-8, 11-13 and 15-23 above as if set forth fully herein.

47. Acosta Military hereby sues Gateway for quantum meruit.

48. By selling and servicing Gateway's products from May 1, 2008 through August 15, 2008, Acosta Military provided to Gateway certain services, which had a certain reasonable value, at the request of Gateway or with Gateway's acquiescence. Gateway wanted Acosta Military to perform these services, knew that Acosta Military expected to be paid for its services, and had paid others for such services.

49. Despite Acosta Military's demands, Gateway has failed and refused to pay the reasonable value of those services.

WHEREFORE, Plaintiff, Acosta Military, demands judgment against Defendant, Gateway, for the reasonable value of the services provided by Acosta Military to Gateway,

9

together with all applicable interest and costs, and for such other relief as this Court deems just and proper.

        VOLPE, BAJALIA, WICKES,
        ROGERSON & WACHS

By: _____
    Alan S. Wachs
    Florida Bar No. 980160
    Genesa L. Eavenson
    Florida Bar No. 0014277
    **Michael M. Giel**
    Florida Bar No. 0017676
    501 Riverside Avenue, 7th Floor
    Jacksonville, Florida 32202
    (904) 355-1700 (Telephone)
    (904) 355-1797 (Facsimile)

**Attorneys for Plaintiff,
Acosta Military Sales, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Gateway Military Sales, LLC, via its Registered Agent, **Steven M. Laiderman**, 1067 N. Mason Rd., Ste. 3, St. Louis, Missouri 63141, and to Counsel for Defendant, **Michael Izsak, Klar, Izsak & Stenger, L.L.C.**, 1505 S. Big Bend Blvd., St. Louis, Missouri 63117 via U.S. Mail this 11th day of March, 2009.

_____
Attorney